IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V. § | |
| § | No. 3:20-cr-217-S (15) |
| BLANCA FLOR HERNANDEZ, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

In an Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty, dated June 18, 2021, United States District Judge Karen Gren Scholer has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Blanca Flor Hernandez should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Blanca Flor Hernandez is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c). *See* Dkt. No. 431.

**Background**

Defendant is set for sentencing before Judge Scholer on October 21, 2021. *See* Dkt. No. 434. "[W]hether a defendant should be released pending trial and whether

a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

On September 23, 2020, the undersigned United States magistrate judge released Defendant subject to an Order Setting Conditions of Release. *See* Dkt. No. 182.

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in

subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

Defendant, as ordered, filed a motion for continued pretrial release in which she identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that she contends justify her continued release post-conviction and in which she addresses whether she is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing. *See* Dkt. No. 460.

The Court held a hearing on July 8, 2021 on the matters referred by Judge Scholer, at which Defendant appeared in person and through counsel and the government's counsel appeared.

## Legal Standards and Analysis

As a preliminary matter, Defendant is subject to mandatory detention under Section 3143(a)(2) because she has, on a guilty plea, now been adjudged guilty of a violation of 21 U.S.C. § 841. *See* Dkt. Nos. 323, 406, & 431. That is "an offense in a

case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.)."

Defendant therefore must be detained pursuant to 18 U.S.C. § 3143(a)(2) unless she meets the conditions of release set forth in Section 3143(a)(2) or 18 U.S.C. § 3145(c). Release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *see also United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) and Section 3143(a)(1) impose a burden on a convicted defendant seeking release pending

sentencing to show by clear and convincing evidence that she or he is not a flight risk or a danger to the community. *See* 18 U.S.C. § 3143(a)(1); FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

Further, Defendant must meet the conditions of release set forth in Section 3143(a)(2)(A) or 3145(c). Defendant cannot, and does not claim that she can, satisfy the Section 3143(a)(2)(A) showing that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 93], Section 3145(c) provides an alternative basis for pre-sentencing release under "exceptional circumstances," so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or

the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

The Court finds that Defendant has made the required showing that she is not likely to flee or pose a danger to the safety of any other person or the community if continued on release. As Defendant explains in her Motion for Continued Pretrial Release, she meets the conditions of 18 U.S.C. § 3143(a)(1) – she is not likely to flee or pose a danger to the community – where she

> has obeyed the rules set in place and has not violated any conditions set forth by the judge.
>
> ….
>
> In addressing 18 U.S.C. § 3142 concerns, the Defendant contends that her presence at the Change of Plea hearing, the Detention Hearing, her familial responsibilities and her assistance to the United States District Attorney's Office, the Federal Marshall's Office and the United States Government, all with the knowledge that she will be incarcerated, demonstrates conclusively that she is not likely to flee. Further, in addition to the facts stated above, Defendant has complied with all pre-trial release conditions, has committed no new offenses and has maintained steady employment and her familial obligations, demonstrating that she does not pose a danger to another person or the community.

Dkt. No. 460 at 2, 5.

The issue of Defendant's presentencing release therefore turns on whether "it is clearly shown that there are exceptional reasons why [Defendant's] detention

[pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c). In support of that showing, Defendant explains:

> a) The Defendant is currently cooperating with Federal Agents in an attempt to assist them in bringing criminal cases against others involved in activities against the criminal laws of the United States.
>
> b) The Defendant has obeyed the rules set in place and has not violated any conditions set forth by the judge.
>
> c) Most significantly, the Defendant has a two children with special needs. Her 16 year old daughter has ADHD and her four year old daughter has non-verbal autism. The four year old is incontinent and requires specialist evaluations and routine doctors appointments.
>
> ….
>
> It is an arguable fact that the physical and medical conditions Defendant Hernandez's children face are far more serious than the children in the aforementioned cases, and that Defendant Hernandez faces more hardship in the care and arranging for the care of that child than the defendants in those cases. Having a child with non-verbal autism certainly rises above anything that can be construed as a common family issue and satisfies the 18 U.S.C. § 3145(c) requirement of "exceptional", simply based upon the plain meaning of the word. Having a child whose physical and medical issues are so severe that they require twenty-four hour care and attention is, in and of itself, exceptional.

Dkt. No. 460 at 2-3, 4-5.

The government does not take a position and deferred to the Court on these issues.

The United States Court of Appeals for the Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention

provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.* The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted). One court has explained that, "to avoid emasculating the mandatory detention statute[,] 'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

The facts that Defendant urges as exceptional circumstances, including her compliance with her conditions of pretrial release, are certainly commendable. But the Court determines – as have many other courts when presented with similar arguments for presentencing release – that Defendant's proffered reasons for continuing his release do not individually give rise to a situation that is out of the ordinary.

But the Court determines that all of the circumstances that Defendant asserts are, taken together at this point in time, a unique combination of circumstances giving rise to a situation that is out of the ordinary. Among other circumstances, Defendant presents what the Court believes to be valid family-related concerns that, combined with her compliance to date, including her steady employment, and particularly her need to spend the next few months arranging for her children's care should she face incarceration, amount to a situation in which Defendant's detention pending his sentencing hearing in three months would not be appropriate.

## Conclusion

The Court finds that Defendant Blanca Flor Hernandez has presented so unique a combination of circumstances that is so clearly out of the ordinary, uncommon, or rare as to justify ordering release pending sentencing under Section 3145(c) and that Defendant Blanca Flor Hernandez met her burden to clearly show exceptional circumstances why she should not be detained pending sentencing – that is, exceptional reasons why her detention would not be appropriate – and to show by clear and convincing evidence that she is not likely to flee or pose a danger to any other person or the community if she remains on release under 18 U.S.C. § 3142(c).

Defendant Blanca Flor Hernandez is ORDERED to remain on release, subject to the Court's Order Setting Conditions of Release [Dkt. No. 182], pending her sentencing before Judge Scholer.

SO ORDERED.

DATED: July 8, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE